## KINNEY *v.* BLYTHE.

PRACTICE.—*Supreme Court.*—*Preponderance of Evidence.*—Where the Supreme Court finds evidence to support the finding, it will not go beyond this to determine the preponderance of the evidence.

SALE.—*Fraud.*—*Agent.*—On a sale of goods it was agreed that the buyer should give to the seller, in payment, upon delivery of the goods, notes of solvent persons. A certain note so given was not such as the contract thus called for, and the buyer knowing this, fraudulently deceived the seller's agent to whom he delivered the note, knowing him to be such agent and knowing that the proceeds of the sale were to go to, and become the property of, the agent, who, on discovering the deceit, offered to return the note to the buyer and demanded of him other good notes. There being evidence of these facts in a suit by the seller against the buyer, the plaintiff bringing the note into court and offering to return it to the defendant; there was a finding for the plaintiff in a certain sum, and that the defendant be entitled to withdraw the note from the files of the court and hold it as his own.

*Held*, that the finding was correct.

APPEAL from the Jackson Common Pleas.

The appellee filed his complaint, consisting of two paragraphs, against the appellant.

The first paragraph is an ordinary statutory count for goods sold and delivered, with a bill of particulars.

The second paragraph is, substantially, as follows: "That on the 8th day of January, 1867, plaintiff, at defendant's request, sold and delivered to him all his saloon liquors, bottles, casks, &c., then on hand, and of the value of $806.45; for which defendant agreed to let plaintiff have, in payment, notes of good, solvent parties of Salem, Indiana, payable on the 1st day of March, 1867, which plaintiff agreed to accept; that in pursuance of said contract, defendant took possession of said property, and in a few days thereafter delivered to plaintiff's father, who was authorized by plaintiff to act for him in the premises, a note for $675, on one E. H. Logan, whom defendant falsely and fraudulently represented to be perfectly solvent, and worth in real estate not less than ten thousand dollars, in part payment for said

property; that neither plaintiff nor his father knew anything about the pecuniary circumstances of said Logan, but wholly relied upon defendant's said false and fraudulent representations; that previous to that time plaintiff had authorized his father, William D. Blythe, to receive from defendant the notes by him to be given to plaintiff, as agent for said plaintiff, and then to apply any notes so received in payment *pro tanto* of the indebtedness of said plaintiff to said William D. Blythe; that plaintiff's said father received the said note from the defendant in payment in part of the plaintiff's indebtedness to his father; that, in truth and in fact, said Logan was not and is not solvent; that he has not and had not, at that time, any real estate; that, on the contrary, the said Logan was and is wholly insolvent, and has no property of any kind out of which plaintiff can or could make his money; that plaintiff's father, as agent aforesaid, before the commencement of this suit, on learning that said Logan was insolvent as aforesaid, tendered said note back to defendant, who refused to accept the same; that plaintiff's father then returned said note to plaintiff and refused to apply the same on plaintiff's indebtedness to him; that defendant, at the time he made said representations of the solvency of said Logan, knew that the same were false in every particular, but designing to cheat and defraud plaintiff out of his said property, made said false and fraudulent representations; that plaintiff now brings into court said note, and offers to surrender it up to defendant; that said defendant has refused to let plaintiff have any other notes, although often requested so to do."

The appellant filed his answer, as follows: A general denial, together with an agreement entered of record, "that both parties may give in evidence all matters that could be given in evidence under any proper plea that might be pleaded herein."

The cause was submitted to the court for trial, and there was a finding for the appellee for the sum of $707.62½; and that the appellant should be entitled to the possession and

ownership of the note in the complaint mentioned, and be entitled to withdraw the same from the files of this cause and to have and hold the same as his own.

The appellant moved for a new trial, and the motion was overruled.

RAY, J.—We are asked to reverse this case upon the evidence.

There was proof that the appellant was to give in payment "notes of good, solvent parties of Salem, Indiana; notes that could be cashed at Salem at any time."

These notes, by a reasonable construction of the contract, were to be delivered on the delivery of the saloon to the appellant. Certain notes were delivered, and there was evidence from which the court could find that they were not such notes as the contract called for, and that the appellant knew this fact and fraudulantly deceived William H. Blythe, who was acting for his son in the sale of the saloon, and that new notes were demanded before suit was brought.

The plaintiff's agent below stated, that "when I saw the way it was assigned, I told Kinney I wanted him to take it back and give me good paper." This was sufficient. The appellant knew that the proceeds of the sale were to go to him, and that he was acting as agent for his son in the trade.

All this is denied, but we find evidence which will support the finding, and we cannot go beyond this to determine the preponderance of the evidence.

No other questions are discussed for the appellant.

Judgment affirmed, with costs.

*J. B. Brown*, for appellant.

*W. K. Marshall, J. M. Bills*, and *W. A. Sipe*, for appellee.